IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILLIAM EDWARD RAY, | Civil Action No. 4:09-00440-SB-TER |
| Plaintiff, | |
| v. | |
| | REPORT AND RECOMMENDATION |
| DETECTIVE LT. CURTIS KILLIAN, LT. JOHN GARDNER, OFFICER MIKE IRWIN, | |
| Defendants. | |

## I. PROCEDURAL BACKGROUND

The plaintiff, William Edward Ray ("plaintiff"), filed this action under 42 U.S.C. § 1983 on February 25, 2009. Plaintiff alleges that his constitutional rights were violated by defendants. Defendants filed a motion for summary judgment on November 12, 2009. Because plaintiff is proceeding pro se, he was advised on or about November 13, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion for summary judgment could result in the dismissal of his complaint. Plaintiff filed a motion for extension of time to respond. (Doc. #33). Plaintiff's motion was granted, and he was given until January 18, 2010, to file a response or his case may be dismissed pursuant to Rule 41b of the Federal Rules of Civil Procedure, i.e., with prejudice. Plaintiff failed to file a response.

On February 18, 2010, defendants filed a motion to dismiss based on Rule 41 of the Federal Rules of Civil Procedure. Plaintiff was advised on or about February 19, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion to dismiss could result in the dismissal of his complaint. Plaintiff failed to respond.

A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. <u>Ballard v. Carlson</u>, 882 F.2d 93 (4th Cir. 1989), <u>cert</u>. <u>denied</u> 493 U.S. 1084 (1990) and <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

    (1)    the degree of plaintiff's responsibility in failing to respond;

    (2)    the amount of prejudice to the defendant;

    (3)    the history of the plaintiff in proceeding in a dilatory manner; and,

    (4)    the existence of less drastic sanctions other than dismissal.

<u>Davis v. Williams</u>, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding <u>pro se</u> so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendants' motion for summary judgment, defendants' motion to dismiss for lack of prosecution, or the court's Orders requiring him to respond. The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that defendants' motion to dismiss be GRANTED and this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b). It is further recommended that defendants' motion for summary judgment be deemed MOOT.

## II. CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that defendants' motion to dismiss for lack of prosecution (doc. #36) be GRANTED and plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

IT IS FURTHER RECOMMENDED that defendants' motion for summary judgment (doc. #30) be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 26, 2010
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**